## CIRCUIT COURT OF THE CITY OF NORFOLK

School Board
of the City of Norfolk

v.

International Truck
and Engine Corp. et al.

September 3, 2003

Case No. (Law) L03-936

BY JUDGE JOHN C. MORRISON, JR.

This issue comes before the court on pleas of the statute of limitations by defendants International Truck and Engine Corporation (International Truck) and Sonny Merryman, Inc. (Merryman). As explained below, defendants' pleas are granted.

There is substantial disagreement between the parties, based on their pleadings, about the facts in this case. However, based on the limited pleadings before the court, International Truck manufactured the chassis of a school bus that is the subject of this litigation. International Truck sold the chassis to Thomas Built Buses, who constructed the body of the bus, on November 20, 1997. (International Truck's Brief 1-2.) Further transactions, not relevant to the present issue, resulted in Merryman's possession of the bus. (International Truck's Brief 1-2.) The School Board alleges it leased the bus from Merryman; however, more accurately, the School Board purchased the bus from Merryman on February 19, 1998, pursuant to a lease arrangement with ABN-AMBRO, which provided the School Board with the necessary capital. (Amended Mot. for J. ¶ 3, Ex. A, § 4.04.) On December 18, 2002, the bus was consumed by fire. The fire completely destroyed the bus and a two-

way radio belonging to the School Board that was on board the bus. (Amended Mot. for J. ¶¶ 5, 6.)

All parties agree, and the court notes, that the statute of limitations period has expired for all breach of implied warranty claims plaintiff School Board may have had against the defendants. (Merryman's Brief 2; International Truck's Brief 4-5; School Board's Brief in Response 1.) Although the School Board essentially pleaded a cause of action against the defendants for breach of implied warranties in its Amended Motion for Judgment, in the School Board's response to defendants' pleas, it has attempted to frame its case as a products liability tort case. (School Board's Brief in Response 1.) Even if the court should allow the School Board to rise above its pleadings, changing the cause of action that it asserts, the economic loss rule, as argued by the School Board, does not operate to bring the School Board's claim within the statute of limitations.

The economic loss rule prohibits a tort action against a party not in privity with the plaintiff where the plaintiff has suffered economic loss. *See Sensenbrenner v. Rust, Orling & Neale*, 236 Va. 419, 424, 374 S.E.2d 55, 58 (1988). "When a product 'injures itself' because one of its component parts is defective a purely economic loss results." *Sensenbrenner*, 236 Va. at 424, 374 S.E.2d at 57 (citing *East River S.S. Corp. v. Transamerica Delaval*, 476 U.S. 858, 870 (1986)). The Supreme Court of Virginia has set forth the following test to be used in classifying damages as economic or non-economic:

> The controlling policy consideration underlying tort law is the safety of persons and property – the protection of persons and property from losses resulting in injury. The controlling policy consideration underlying the law of contracts is the protection of expectations bargained for.

*Sensenbrenner*, 236 Va. at 425, 374 S.E.2d at 58.

Analyzing the issue using the test set forth in *Sensenbrenner*, the School Board is not attempting to vindicate any personal or property interest outside of its contractual bargain. Thus, the loss of the bus is properly categorized as an economic loss. *See Sensenbrenner*, 236 Va. at 425, 374 S.E.2d at 58. The bus was the basis of the School Board's contract, and, despite the bus's failure and subsequent destruction of itself, the School Board should be confined to its contract-based remedies.

The School Board defends against defendants' pleas by attempting to tack on the loss of its two-way radio that was onboard the bus and destroyed in the fire, thereby categorizing the overall loss as non-economic. The radio, unrelated to the bus and not an integral component of the bus, is a non-economic loss, albeit a relatively minor loss. Following the School Board's logic, the presence of the radio, not a component of the bus and a non-economic loss, transformed the entire loss including the bus into a non-economic loss. The School Board would thus be permitted to bring an action in tort against International Truck and Merryman, thereby gaining the benefit of a statute of limitations that accrued when the fire occurred, not when delivery was tendered. Va. Code § 8.01-243(B); Va. Code § 8.2-725. However, the argument that a relatively minor non-economic loss can change the character of an overall economic loss has no legal support nor is this court so persuaded. The School Board's claim for the value of the bus is for a purely economic loss; the School Board's argument otherwise is rejected. Furthermore, the statute of limitations for any contract-based remedy has expired.

## Conclusion

The defendants' pleas of the statute of limitations are granted with regard to the School Board's loss of the bus.